Case 4:24-cv-04341   Document 59   Filed on 06/26/25 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
June 26, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FARIBORZ S. SHOJAI, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-24-4341 |
| § | |
| MICHAEL PAUL GOMEZ; KARALYNN § | |
| CANDACE CROMMENS; § | |
| MORRELL MASONRY SUPPLY, INC; § | |
| AND HARRIS COUNTY, TX, § | |
| § | |
| Defendants, § | |

**ORDER ADOPTING RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending are Defendants' Motions to Dismiss (Document Nos. 9, 15, and 17); Plaintiff's Motion to Expunge Notice of Lis Pendens (Document No. 26), Plaintiff's Motion to Expedite (Document No. 27; Plaintiff's Emergency Motion and Motion for a Preliminary Injunction (Document No. 32), and Defendant Harris County's Motions to Strike (Document Nos. 38 and 39). The Magistrate Judge in a Memorandum and Recommendation (Document No. 51) recommends Defendants' Motions to Dismiss be granted and all other motions be denied as moot.

Plaintiff Shojai timely filed objections to the Magistrate Judge's Order granting Defendant's Motions to Dismiss and denying all other motions (Document No. 52). Defendant Harris County responded (Document No. 53) to which Plaintiff replied Document No. 54) and, without leave of the Court, filed an additional sur-

reply (Document No. 56). The Court, after having carefully considered Plaintiff Shojai's Objections, and having made a *de novo* determination of the above listed motions, is of the opinion that the findings and recommendations of the Magistrate Judge are correct and should be and hereby are adopted by the Court.

Plaintiff Shojai filed a subsequent Motion for Leave after the Magistrate Judge issued his Memorandum and Recommendation (Document No. 55). The motion is non-specific as to what "leave" is requested, and concludes with an inscrutable prayer "that the Court grant Plaintiff's motion for leave." Defendants Crommens and Morrell Masonry assume in their opposition to this motion that Plaintiff Shojai is asking for leave to file another amended complaint. They may be correct even though Plaintiff attached no proposed amendment. To the extent that Plaintiff seeks leave to amend his Complaint for a second time, such an amendment would be futile. Evidently, Plaintiff's principal reason for "leave" as set out on page 1, is "to challenge the Constitutionality of Notice of Lis Pendens' Statute." Document No. 55 at 1.[1] This Court, however, has already ruled that a lis pendens notice complies with

---

[1] Plaintiff also asserts, for the first time on reply, that the acceptance of benefits doctrine should have voided the Defendant Morrell's claims in the underlying case in Judge Gomez's court. *See* Document No. 58 at 6-8. The acceptance of benefits doctrine arises under Texas common law. *See* Texas State Bank v. Amaro, 87 S.W.3d 538, 544 (Tex. 2002). This Court declines subject matter jurisdiction over Plaintiff's state law claims. Moreover, Judge Gomez has absolute immunity for judicial actions.

the constitutional requirements of due process. <u>United States v. Fisch</u>, 2013 WL 5774876, at *3 (S.D. Tex. Oct. 24, 2013) (Rosenthal, J.) ("Under the Texas Property Code, a *lis pendens* neither legally confers rights on the property owner nor restricts his rights."). Plaintiff's Motion otherwise reiterates unsuccessful arguments he has already advanced, and an assertion that "other Plaintiffs would like to join and other Defendants might be liable to Plaintiff for their actions." Document No. 55 at 3. This kind of repetition and conjecture are not meritorious reasons to allow an amendment after the sufficiency of Plaintiff's pleadings on file have been fully adjudicated. Moreover, as the Magistrate Judge concluded, any claims against Judge Gomez are barred by absolute judicial immunity, Plaintiff has not identified a policy or custom as required to assert a constitutional claim against Defendant Harris County, and Defendants Crommens and Morrell are not state actors. Plaintiff has not stated a federal claim upon which relief can be granted. It is therefore

ORDERED and ADJUDGED that Plaintiff Fariborz S. Shojai's Motion for Leave (Document No. 55) is DENIED; and it is further

ORDERED and ADJUDGED for the reasons set forth herein and in the Memorandum and Recommendation of the United States Magistrate Judge (Document No. 51) signed and entered April 28, 2025, which is adopted in its entirety as the opinion of this Court, that Defendants' Motions to Dismiss (Document Nos. 9, 15, and 17) are

GRANTED; Plaintiff's Motion to Expunge Notice of Lis Pendens (Document No. 26), Plaintiff's Motion to Expedite (Document No. 27), Plaintiff's Emergency Motion and Motion for a Preliminary Injunction (Document No. 32), and Defendant Harris County's Motions to Strike (Document Nos. 38 and 39) are all DENIED as moot. Plaintiff Fariborz S. Shojai shall take nothing against Defendants Michael Paul Gomez, in his individual and official capacity; Karalynn Candace Crommens, Attorney Officer of the 129th Court; Morrell Masonry Supply, Inc.; and Harris County, Tx. Accordingly, Plaintiff Shojai's § 1983 claims for constitutional violations under the First, Seventh, and Fourteenth Amendments are DISMISSED on the merits WITH PREJUDICE, and his claims under 18 U.S.C. § 242 under the United States Criminal Code are DISMISSED WITHOUT PREJUDICE given Plaintiff's lack of standing to assert such claims. The Court declines to assume supplemental jurisdiction over Shojai's state law claims for fraud, conspiracy, harassment, and tortious interference with contractual relationships, and these state law claims are DISMISSED WITHOUT PREJUDICE. *See* 28 U.S.C. § 1367(c).

Plaintiff is advised the period of limitations for his state law claims dismissed herein without prejudice shall be tolled for a period of 30 days after the entry of the judgment of dismissal

unless State law provides for a longer tolling period. *See* 28 U.S.C. § 1367(d).

It is so ORDERED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED at Houston, Texas, on this 26TH day of June, 2025.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE